348 So.2d 1209 (1977)
STATE of Florida, Appellant,
v.
Michael Wayne RIGGINS, Appellee.
No. 76-1367.
District Court of Appeal of Florida, Fourth District.
July 22, 1977.
*1210 Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellant.
Edward H. Fine of Campbell, Colbath, Kapner & Fine, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellee was charged with two counts of vehicular homicide under Section 782.071, Florida Statutes (1975). The trial court granted appellee's motion to suppress a blood sample taken from appellee over his vehement protest, and the state seeks review of the order granting the motion. We affirm.
It appears that appellee was driving an automobile that became involved in an accident in which two persons were killed. Appellee was injured in the accident, and he was taken to a hospital. While in the emergency room or thereabouts, the police gave appellee his Miranda warnings, told him he was under arrest, and advised him they intended to take a blood sample from him. Although appellee was injured he was conscious and able to communicate. He smelled of alcohol and was uncooperative to the extent of physically resisting attempts to extract a blood sample from his person.
The police attempted to have a sample taken by force, and they sat upon appellee and twisted his broken arm in an effort to make him submit. Finally, the police allowed appellee to call his lawyer. The lawyer advised him not to allow the blood test to be performed, so appellee continued to refuse. The police then threatened to take him to jail, even though he was catheterized. At this point appellee's sister intervened and persuaded appellee to allow the blood sample to be taken over his protest.
The following factors lead us to hold that, under the laws of this State, law enforcement authorities may not  over the protests of an individual  require the taking of a blood sample from the protesting individual in order to conduct a chemical test to determine whether the individual's driving ability was impaired by the use of intoxicants.
I. Section 322.261(1)(a), Florida Statutes (1975), commonly referred to as the "implied consent law", provides that any person accepting the privilege of driving a motor vehicle in this state shall be deemed to have given his consent to submit to an approved chemical test of the alcohol content of his blood if he is lawfully arrested for any offense committed while driving a motor vehicle under the influence of alcoholic beverages. But subsection (d) provides that, if such person refuses an officer's request to submit to such test, the Department of Highway Safety and Motor Vehicles shall suspend the person's privilege to operate a motor vehicle for a period of three months. Thus, it appears that the implied consent evidenced by accepting the privilege of operating a motor vehicle in this state may be revoked at the time the chemical test is suggested by an officer. *1211 Otherwise, the section providing for suspension upon refusal to submit would be superfluous. And there are other parts of Section 322.261 which indicate that the implied consent can be revoked. For example, Section (1)(a) provides "Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 3 months." Sections (e) through (g) set up procedures for a hearing and review of the proposed suspension should the person involved wish to contest the suspension.
II. The author of the law review article, "Florida's `Implied Consent' Statute: Chemical Tests for Intoxicated Drivers", 22 University of Miami Law Review 698, Robert H. McManus, points out that:
"The Florida `implied consent' statute, which goes into effect on July 1, 1968, provides that every person who accepts the privilege of driving within the state shall be deemed to have given his consent to an approved chemical test of his breath, urine, saliva or blood if he is arrested for driving while under the influence of intoxicating beverages. Paradoxically, even though the driver has `consented' to a chemical test, the statute provides that he may refuse to submit. However, upon refusal, the privilege of operating a motor vehicle may be suspended provided that the driver has been told of the consequences and that a subsequent hearing is given to him." Id. at 698-699. (Emphasis supplied; footnote omitted.)
* * * *
"The statute also seems to be preferable to the Supreme Court's holding in Schmerber since the motorist, unless he is unconscious, is given an alternative to undergoing a compulsory chemical test. Paradoxically, as a result of Schmerber, states without `implied consent' statutes can compel a motorist to undergo a chemical test, while in states with `implied consent' statutes the motorist has the option to refuse the test." Id. at 727.
III. The Attorney General opined in AGO 073-186 that Section 322.261(1), Florida Statutes (1973), did not authorize the use of reasonable force to obtain a blood sample from an arrestee who voiced objection and resisted efforts to require submission to the forcible taking of a blood sample. The opinion went on to say that any change in the plain meaning of the statute would have to come from the Legislature. Although the Legislature has made additions to Section 322.261, none of those additions has changed the meaning of the statute insofar as the forcible taking of blood samples is concerned.
IV. The initial attacks on these chemical tests performed upon persons were generally made on constitutional grounds. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Mitchell, 245 So.2d 618 (Fla. 1971); and Filmon v. State, 336 So.2d 586 (Fla. 1976). Those cases stand for the proposition that the taking of a blood sample from an arrestee involved in an automobile accident who appears to be under the influence of alcohol does not violate any constitutional provision. Filmon did not deal with the problem presented here, viz., whether the implied consent law authorized the police to have a blood sample taken from a person who is conscious and who verbally and physically protests the taking. Although there are cases in which courts have approved the taking of blood samples by force or in the face of express refusal to consent (see People v. Williams, 557 P.2d 399, 406 (Colo. 1976); State v. Jones, 28 Or. App. 131, 558 P.2d 1271 (1977), those cases do not involve a situation in which a statute plainly indicates that the sample can not be taken if the person objects.
Accordingly, we hold that Section 322.261, Florida Statutes (1975), prohibited the taking of a blood sample from a person suspected of driving while under the influence of alcohol when that person expressly objects to the taking thereof. The order of the trial court suppressing the blood sample in this case is therefore affirmed.
AFFIRMED.
ANSTEAD, J., and DEAN, ROY E., Associate Judge, concur.