364 So.2d 1241 (1978)
Joseph A. McDonald, Petitioner,
v.
STATE of Florida, Respondent.
No. 77-1938.
District Court of Appeal of Florida, Second District.
October 27, 1978.
Rehearing Denied November 30, 1978.
Martin Errol Rice and W.F. Davenport, Jr., of Harris, Clark, Green, Piper & Davenport, St. Petersburg, for petitioner.
James T. Russell, State's Atty., and Douglas E. Crow, Asst. State's Atty., St. Petersburg, for respondent.
RYDER, Judge.
On April 20, 1977 an information was filed charging petitioner with the offenses of driving while under the influence of alcohol and unlawful blood alcohol. These charges stem from an accident on the morning of Saturday, March 26, 1977, when petitioner's car struck a St. Petersburg city bus. While trying to close a wound on petitioner's lip, which later required fifteen stitches, a paramedic detected a slight odor of alcoholic beverages on the petitioner's breath. The paramedic suggested to a St. Petersburg police officer that a blood sample be taken from the petitioner. Based on this request, and his own observation of the petitioner's imbalance and odor of alcoholic beverages on the petitioner's breath, the police officer placed petitioner under arrest and asked him to take a "breath test" or perform the "field sobriety test". The petitioner refused to take the tests and requested his own physician and attorney.
As a result of the petitioner's refusal, he was taken to the Bayfront Medical Center where a blood sample was taken from petitioner against his will and without his consent, at a time wherein he was not incapacitated and was fully conscious and capable of granting or refusing permission for that procedure.
Upon being charged as aforesaid, petitioner filed a motion to suppress any testimony regarding the taking of a blood sample, testimony relating to the test of that blood sample, and the results of said test. Petitioner alleged that the entire procedure was accomplished in violation of Section 322.261, Florida Statutes (1975). The motion was heard on May 5, 1977 in the county *1242 court. No testimony was taken, but the facts as summarized above were stipulated to by and between the State and petitioner. The county court granted the motion to suppress, ruling that a blood alcohol test could not be taken without the consent of a suspected drunk driver unless he was either incapacitated or unconscious.
The State took an interlocutory appeal to the circuit court. The suppression order was reversed in a written opinion stating that the law is that in driving while intoxicated cases, the driver is subject to the taking of blood samples even without his consent and the driver has no right to refuse. Petition for rehearing was denied and this timely petition for writ of certiorari was filed.
The petitioner brings to our attention three points. However, in view of our decision below, it will be necessary to discuss only one. That point is whether Section 322.261, Florida Statutes (1975), prohibits authorities from taking a blood sample from a person suspected of driving while under the influence of alcohol when that person expressly objected to the taking thereof. We answer that it does, grant certiorari, reverse the decision of the circuit court below and remand this cause for further proceedings consistent with this opinion.
This cause was argued before this court on May 1, 1978. We withheld our opinion as an almost identical case, State v. Riggins, 348 So.2d 1209 (Fla. 4th DCA 1977) was, at that time, before the Supreme Court of Florida for its consideration. The Supreme Court of Florida has now acted upon the Riggins case, dismissing the State's petition for writ of certiorari and denying the State's petition for rehearing. State v. Riggins, Case No. 52,154, 362 So.2d 1056 (Fla. 1978).
Initially, we believe we must make certain the reader understands we have not been called upon to and we are not ruling upon whether there is a constitutional violation in the taking of one's blood without consent. We are, rather, construing Section 322.261, Florida Statutes (1975), as it applies to the facts of this case.
As earlier noted, the facts of the Riggins case, though somewhat more gross, are practically identical with the case sub judice. As stated in the Riggins case, Section 322.261(1)(a), Florida Statutes (1975), commonly referred to as the "implied consent law", provides that any person accepting the privilege of driving a motor vehicle in this state, shall be deemed to have given his consent to submit to an approved chemical test the alcohol content of his blood if he is lawfully arrested for any offense committed while driving a motor vehicle under the influence of alcoholic beverages. However, sub-section (d) provides that, if such person refuses an officer's request to submit to such test, the Department of Highway Safety and Motor Vehicles shall suspend the person's privilege to operate a motor vehicle for a period of three months. Thus, it appears that the implied consent evidenced by accepting the privilege of operating a motor vehicle in this state may be revoked at the time the chemical test is suggested by an officer and refused by the driver. Otherwise, the section providing for suspension upon refusal to submit would be superfluous.
As did Judge Downey, the author of the Riggins decision, so do we excerpt here a portion of an article appearing in the University of Miami Law Review wherein the writer opined: "Paradoxically, even though the driver has `consented' to a chemical test, the statute provides that he may refuse to submit."[1] Paradoxically, it does appear, but the language and the intent of the legislature is patently clear else it would have not so provided had its intent been otherwise.
Accordingly, we hold that Section 322.261, Florida Statutes (1975), prohibits the taking of a blood sample from a person suspected of driving while under the influence *1243 of intoxicants when that person expressly objects to the taking thereof. The order of the circuit court herein is reversed and the order of the county court granting the motion to suppress is reinstated and the cause is remanded for further proceedings consistent with this opinion.
GRIMES, C.J., and OTT, J., concur.
NOTES
[1] "Florida's `Implied Consent' Statute: Chemical Tests for Intoxicated Drivers", 22 Univ. of Miami Law Rev. 698.