371 So.2d 161 (1979)
Francis BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1074.
District Court of Appeal of Florida, Second District.
April 18, 1979.
Rehearing Denied May 30, 1979.
*162 Robert E. Jagger, Public Defender, and Richard M. Robbins, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Francis Brown appeals his convictions for vehicular homicide and manslaughter by the operation of a motor vehicle while he was intoxicated.[1] We reverse.
On the night of the incident which gave rise to the charges against appellant a blood sample was taken from him for the purpose of determining the alcohol content of his blood. Appellant was conscious and verbally objected when the blood sample was taken by a doctor at the instruction of the investigating police officer. The blood level of the alcohol was.205. At a pretrial hearing on appellant's motion to suppress the blood sample, the issue was whether Section 322.261, Florida Statutes (1977) (the "implied consent law") allows law enforcement authorities to take a blood sample from a person suspected of driving while under the influence of alcohol when that person expressly objects to the taking thereof. The trial judge denied the motion to suppress and at trial the blood sample and the testimony about it were features of the state's case before the jury.
For the reasons fully set out when this precise issue was recently decided in thorough opinions by this court and our sister court, we hold the trial court was in error when it denied appellant's motion to suppress the blood sample, and upon consideration of the record before us find that a reversal of appellant's convictions is therefore necessary. McDonald v. State, 364 So.2d 1241 (Fla. 2d DCA 1978); State v. Riggins, 348 So.2d 1209 (Fla. 4th DCA 1977); cert. dism. 362 So.2d 1056 (Fla. 1978).
Reversed and remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C.J., and RYDER and DANAHY, JJ., concur.
NOTES
[1] Sentence was imposed only on the conviction of manslaughter by the operation of a motor vehicle while intoxicated. The trial judge correctly recognized that only one sentence can be imposed for the one homicide although the information charged two separate offenses. Phillips v. State, 289 So.2d 769 (Fla. 2d DCA 1974). Causing the death of a person by the operation of a motor vehicle while intoxicated is a specific category of manslaughter. § 860.01(2), Fla. Stat. (1977). Vehicular homicide otherwise than from intoxication has been removed by the legislature from the manslaughter statute and made an offense subject to a lesser penalty than that imposed for manslaughter. §§ 782.07 and 782.071, Fla. Stat. (1977); State v. Young, 357 So.2d 416 (Fla. 2d DCA 1978).