RYDER, Acting Chief Judge.
Francis Brown was charged with vehicular homicide and DWI manslaughter following a collision in which a passenger in Brown’s car was killed. Appellant’s original convictions for the charges arising from this unfortunate and deadly incident were reversed by this court because a blood sample was taken over his objection and introduced at trial. Brown v. State, 371 So.2d 161 (Fla. 2d DCA 1979), aff’d, State v. Brown, 386 So.2d 549 (Fla.1980).
After remand and retrial, Brown was found guilty of vehicular homicide. He appeals that judgment of guilt and sentence of five years’ imprisonment.
Of the four points raised in this appeal, only the third merits discussion. It concerns the fact that during retrial the state was allowed to introduce testimony regarding Brown’s refusal to submit to that same blood test. Therefore, although the jury could not be informed of the test results because of this court’s mandate in Brown, they were told that appellant had refused to take the test (and, in fact, misled to believe that no test was taken). We conclude that the holdings in two recent cases require reversal under these circumstances.
This court held in State v. Duke, 378 So.2d 96 (Fla. 2d DCA 1979) that one’s refusal to submit to a blood test is admissible into evidence against an offending driver because such a test is compulsory. However, the supreme court in Sambrine v. State, 386 So.2d 546 (Fla.1980) has invalidated the Duke holding. Sambrine states that section 322.261, Florida Statutes (1979) gives a driver the right to refuse testing by affirmatively revoking his implied consent. Thus, when a driver exercises his statutory option to refuse testing, the result of any test taken over objection is inadmissible at trial.
This court recently applied the mandate of Sambrine to facts quite similar to those in the case sub judice. In State v. Ducks-worth, 408 So.2d 589 (Fla. 2d DCA 1981), we wrote that inasmuch as Sambrine invalidated our holding in Duke, the state can no longer introduce into evidence the fact that the defendant refused to submit to a test for alcohol in his system. We adhere to Ducksworth, recede from Duke, and hold that the admission into evidence of appellant’s refusal to submit to the blood test was improper. However, we note that the suppression of all evidence relating to the blood test herein does not dictate reversal on grounds of insufficient evidence nor does it mandate dismissal. This cause is, therefore, REVERSED and REMANDED for further proceedings consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.