## STATE OF FLORIDA v. CRAFT
Case No. 32660-LN

## STATE OF FLORIDA v. BURTON
Case No. 33421-LN

## STATE OF FLORIDA v. TAYLOR
Case No. 31225-LN

## STATE OF FLORIDA v. YOUNG
Case No. 32867-LN

## STATE OF FLORIDA v. FRANCHINI
Case No. 33166-LN

## STATE OF FLORIDA v. PARNELL
Case No. 87376-LN

## STATE OF FLORIDA v. ENSELL
Case No. 87376-LN (Consolidated)

County Court, Volusia County
September 10, 1984

## APPEARANCES OF COUNSEL

**Sam Masters,** Assistant State Attorney, for plaintiff.
**Michael H. Lambert** and **Eric Latinsky** for defendants.

## OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

This cause came on to be heard upon the defendant's motions to suppress the results of the breathalyzer test given to each defendant after they were arrested for driving under the influence of alcoholic beverages. The basis for the motions is that the Daytona Beach Police Department, the arresting agency in each case, through its arresting officers gave the defendants an improper implied consent warning. The implied consent warning as used by the Daytona Beach Police Department states as follows:

I am prepared to give you an approved chemical test of your breath for the purpose of determining the alcohol content of your blood. *You do not have a right to refuse to take the test,* but if you do refuse your license will be suspended for a period of six moths, etc. etc." (underscoring supplied)

It is the contention of the defendants that they do have the right to refuse to take the test and therefore the arresting officer having failed to comply with the statutory provisions of Section 316.1932 Florida Statutes, the results of the test are inadmissible.

Although Section 316.1932 Florida Statutes states that any person who accepts the privilege of operating a motor vehicle shall by so operating such vehicle be deemed to have given his consent to submit to an approved chemical test for his breath, the Legislature nevertheless mandated that the defendant shall be given the implied consent warnings when it said:

"such person shall be told that his failure to submit to such a breath test or urine test or both such tests, will result in the suspension of his privilege to operate a motor vehicle for a period of six months. . ."

12

There is no express language in that portion of the statute that states that the defendant either has the right to refuse or not the right to refuse. Paragraph two of said section does state that the defendant "has the right to refuse" to take a "pre-arrest breath test".

The first case that was called upon to interpret Section 316.1932 (formally Section 322.261(1)(a)) was *State v. Duke* 378 So.2d 96 (Fla 2d DCA 1979) which held that a defendant may have the physical power to refuse the test but not the "legal right" to refuse to take the test.

It is important to note however, that the District Court of Appeals denied certiorari of the State to quash the Circuit Court's reversal of the County Court's conviction of the defendant for DWI because the police officer gave an improper implied consent warning.

The Second District Court of Appeals then gratuitously and by way of pure dicta stated what the police officer should have told the defendant was "that the officer was prepared to give an improved chemical test; that *the driver did not have a right to refuse*; but that if he did refuse his driver's license would be revoked for a period of three months". (underscoring supplied)

The Daytona Beach Police Department, based upon the *Duke* case, revised its implied consent warnings to include the sentence "you do not have the right to refuse to take the test". The Daytona Beach Police Department is the only law enforcement agency in Volusia County and perhaps even in the State of Florida that includes this sentence in its implied consent warnings. As a matter of fact, the City of New Smyrna Beach does state in its implied consent warnings "you have the right to refuse said test".

Along came *Sambrine v. State*, 386 So.2d 546 (Fla. 1980) which stated:

"This Court is not free to ignore plain statutory language and obvious legislative intent. Any careful reading of Section 322.261 (now 316.1932) *leads to the inescapable conclusion that a person is given the right to refuse testing*. If this were not so, it is unclear why the Legislature provided for a definite sanction and a detail procedure for the enforcement of such sanction". (underscoring supplied)

In *State v. Williams*, 417 So.2d 755 (Fla. 5th DCA 1982), our own Fifth District Court of Appeals acknowledged the ruling in *Sambrine*, supra when it said:

"In this case the trooper Harper told Williams, *as the Florida Supreme Court said it must in Sambrine, that he could refuse the*

13

*blood test*, and if he did his license would be suspended." (underscoring supplied)

Then came *Duckworth v. State*, 408 So.2d 589 (Fla. 2d DCA 1981) which stated:

"In reliance upon our opinion in *State v. Duke*, 378 So.2d 96 (Fla. 2d DCA 1979), the County Court permitted the State to introduce evidence in appellee's DUI prosecution that when arrested he had refused to submit to a test for alcohol in his system. The Circuit Court reversed appellee's conviction on the ground that Duke was effectively invalidated by *Sambrine v. State* 386 So.2d 546 (Florida 1980)

"The Circuit Court was correct. Duke was predicated on the belief that the conditions for admissibility set forth in *State v. Esperti*, 220 So.2d 416 (Fla. 2d DCA 1969), cert. dismiss, 225 So.2d 910 (Fla. 1969), had been met, in that the test authorized by Section 322.261(1)(a) Florida Statutes are compulsory. *Sambrine holds that they are not.*" (underscoring supplied)

The only conclusion that this Court can reach is that the *Duke* case has been overruled by *Sambrine* and that *Sambrine* is the law of this State recognized by the Second District Court of Appeals and the Fifth District Court of Appeals. A person does have the right to refuse to submit to a chemical test. This right goes beyond the protection of the Fourth and Fifth Amendments in that is requires consent and allows drivers the right to refuse to take the test, (State v. Williams, supra). In other words it is a statutory right rather than a constitutional right. It is a right given and protected by statute and a person's enjoyment thereof is regulated entirely by the statute which creates it.

The Court therefore finds that the Daytona Beach Police Department in the above styled cases improperly advised the defendants that they did not have a right to refuse to take the chemical test contrary to Section 316.1932 Florida Statutes.

The next question that this Court must address is the effect of giving a defendant an improper, misleading or wrong instruction, contrary to statutory provisions. (This Court will not go so far as to rule that the actions by the police officers were "coercive" as claimed by the defendants.)

In its research the Court has found that wherever the defendant consented to the taking of the test or was not given any warning whatsoever, the results of the test have been admissible in evidence. *Pardo v. State*, 429 So.2d 1313; *State v. Gunn*, 408 So.2d 647. The

14

conclusion of each of the above cited cases was correct because they were in accordance with the ruling in *Schmerber v. Calf.*, 384 US. 757 16 L.Ed (2) 908, 86 S.Ct. 1826.

However, where the statutory provisions of Section 322.261 (now 316.1932) were not complied with, the test results were held inadmissible. *State v. Campbell*, 423 So.2d 482; *State v. Bender*, 382 So.2d 697; *State v. Sambrine*, supra; *Duckworth v. State*, supra; *State v. Damayou*, 386 So.2d 505; *Grala v. State*, 414 So.2d 621; *State v. Duke*, supra.

In *Pardo v. State*, supra, relied upon by the State, the Court wrote that *Sambrine* held not that the giving of the warning is a pre-requisite to a valid chemical test, but is a pre-requisite to the imposition of the three months suspension.

The distinction between *Pardo* and *Sambrine* is evident. In *Pardo*, the defendant was not given any warning. In *Sambrine* the defendant affirmably refused to take the breath test. The Court said:

"It is a matter peculiarly within the Legislative sphere to establish penalty provisions for non-compliance with substantive law."

In response to the Supreme Court's reference that this matter was purely within the Legislature sphere, all that the Legislature did in 1983 was to increase the penalty from three to six months and also includes in the statutes that refusal to submit to the chemical test shall be admissible in evidence (Chapter 83-228). It did not elect to declare that the test was compulsory. Rather, the Legislature amended the title of the act to include the following: "test for impairment or intoxication; implied consent; *right to refuse*". (underscoring supplied)

If the State seriously contends that the defendants do not have a right to refuse to take the chemical test then they are inviting a new attack on the statute as being unconstitutional because the title of the act would indicate to be misleading and deceptive. (See *Kass v. Levin*, 104 So.2d 572.)

Further, the Fifth District Court of Appeals' ruling in *Pardo*, that the results of a blood alcohol test are admissible in civil and criminal proceedings quite independent of Section 322.261 and 322.262 Florida Statutes (now 316.1932) was held to be "gratuitous dicta". (See *State v. Roose*, 3rd DCA, 9 FLW 623, March 23, 1984). Also, the Fifth District Court of Appeals afforded the defendant a moot remedy, because the test having been given, the question of the suspension of defendant's driver's license no longer was at issue nor was the defendant's driving privilege in jeopardy by reason of Section 322.261.

15

In *Schmerber v. U.S.A.* supra, holding that the taking of blood from the defendant does not violate his rights under the Fourth and Fifth Amendment, the United States Supreme Court said:

"It bears repeating that we reached this judgment only on the facts of the present record. . ."

"The integrity of an individual person is a cherished value of our society. That we today hold that the Constitution does not forbid the States minor intrusion into an individual's body under stringently limited conditions, in no way indicates that it permits more substantial *intrusions or under other conditions.*" (underscoring supplied)

It is doubtful that the Supreme Court of the United States or even the Fifth District Court of Appeals of the State of Florida or the Second District Court of Appeals of Florida would condone the taking of evidence from a person's body under misleading, improper and wrong warnings and in violation of statutory rights granted by the Florida Legislature.

This leads this Court to the inescapable conclusion that the results of the chemical test performed upon these defendants should be suppressed.

This decision is in conformity with the *Duke* case, which ruled that the defendant's conviction be reversed because the defendant was given an improper implied consent warning.

IT IS THEREFORE,

ORDERED AND ADJUDGED that the Motions to Suppress be, and the same are hereby granted.