## SAYLOR v STATE OF FLORIDA

Case No. 86-495-AC-A

Fifth Judicial Circuit, Marion County

January 12, 1987

**APPEARANCES OF COUNSEL**

**James T. Reich,** for appellant.

**Robert S. Walker,** Assistant State Attorney, for appellee.

Before Angel, Aulls, Lockett, JJ.

### OPINION OF THE COURT

CARVEN D. ANGEL, Circuit Judge.

The Defendant appeals conviction and sentence for driving under the influence.

After the accident, the Defendant's blood was tested at the hospital. Prior to taking, the Defendant gave permission to withdraw his blood for the purpose of measuring its possible alcohol content, and he never withdrew that consent. However, he was not informed of the implied consent statute, nor was given or offered a breath test. He now argues that the results of the blood test should have been suppressed because he was not informed of the implied consent statute.

The implied consent statute in question here does not require that a person be warned that there is a right to refuse to take a blood alcohol test, because there is no such right. Section 316.1932, FS 1985; *State v Young,* 483 So.2d 31 (Fla. 5th DCA 1985).

In the context of breath tests, where the driver of a motor vehicle does not affirmatively withdraw his consent, even though the driver is not first informed of the consequences of refusal to submit to the breath test, the admissibility of the test results is not affected. *State v Gunn,* 408 So.2d 647 (Fla. 4th DCA 1981).

The giving of a warning is not a pre-requisite to a valid blood test, but is a pre-requisite to imposition of the suspension of driving privileges. The only sanction against the State for failure to read "implied consent" is preclusion from suspension of driving privileges. *Pardo v State,* 429 So.2d 1313, (Fla. 5th DCA 1983).

Accordingly, we hold that the results of a blood alcohol test, taken by consent, are admissible against a defendant even if the defendant is not told that refusal would lead to a six-month suspension of driving privileges. Therefore, the judgment and sentence appealed are hereby affirmed.

CONCUR: Aulls and Lockett