# STATE OF FLORIDA v THOMAS

## Case No. 86-219 AC (County Court Case No. 27907 BK)

Eleventh Judicial Circuit, Appellate Division, Dade County

May 28, 1987

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Terry L. Rutherford,** Assistant Attorney General, for appellant.

**Bruce Lehr** for appellee.

Before TENDRICH, KAYE, MASTOS, JJ.

## OPINION OF THE COURT

THEODORE MASTOS, Judge.

The State of Florida appeals from the trial court's granting of a Motion to Suppress the breath test results in a D.U.I. prosecution. We find error with both reasons given by the trial court and, accordingly, reverse and remand for proceedings not inconsistent herewith.

The trial court suppressed the breath test results, first, on the ground the the State failed to preserve a breath sample for the Defendant to analyze, finding such was a violation of equal protection where it was county policy to preserve a sample for defendants to analyze. This was error in that there is no constitutional or statutory requirement that the State preserve breath samples for defendants to analyze. Equal protection is satisfied so long as government does not exercise its powers in an irrational or arbitrary manner. The record in this case lacks any showing that the State acted arbitrarily or capriciously. Here, where the chemist was forced to use the third sample in order a valid reading, we fail to find an equal protection violation. See *Houser v. State*, 474 So.2d 1194 (Fla. 1985); *Hodel v. Indiana*, 452 U.S. 314, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981).

The second reason given by the trial court in support of its order suppressing the breath test results was that the police should have informed the Defendant of his statutory right under section 316.1932(1)(f)(3), Florida Statutes (1985), to have an independent test administered to determine the presence of alcohol. This was, also, in error in that there is no statutory requirement that the police inform the Defendant of his right to have an independent test administered. Further, section 316.1932(1)(f)(3) specifically provides that the Defendant's inability to have an independent test administered "shall not preclude the admissibility in evidence" of the test taken by the police. See Section 316.1932(1)(f)(3), Florida Statutes (1985); *Sambrine v. State*, 386 So.2d 546 (Fla. 1980); *State v. Young*, 483 So.2d 31 (Fla. 5th DCA 1985); *State v. Gunn*, 408 So.2d 647 (Fla. 4th DCA 1982).

Reversed and remanded for proceedings consistent with this opinion.