## STATE OF FLORIDA v COHN

### Case No. 87-4518-AC-A (County Court Case Nos. 87-82983-PH and 87-82984-PH)

Eighteenth Judicial Circuit, Brevard County

December 1, 1988

#### APPEARANCES OF COUNSEL

**Guy B. Windsor,** Assistant State Attorney, for appellant.

**Daniel S. Ciener,** Law Firm of Ciener & Eisenmenger, for appellee.

Before HARRIS, JOHNSTON, JOHNSON, JJ.

#### OPINION OF THE COURT

CHARLES M. HARRIS, Circuit Judge.

The issue here is not whether the results of a field sobriety test should be admissible in evidence, it is whether the *refusal* to perform such test should be admitted in evidence *if* the defendant was not warned of that consequence of his refusal.

In *Herring v State,* 501 So.2d 19 (Fla. 3d DCA 1986), the Court held that the defendant's refusal to submit to a similar request was inadmissible not only because it lacked any "significant probative value" but, also, because its admission would be unfair where the police may have led the defendant to believe that he had a right to refuse.

There is nothing in this record to show that the defendant was told either that he was required to take the test *or* that his refusal to take the tests would be used against him in court.

JOHNSON, CLARENCE T., JR., JUDGE, concurs.

The Interlocutory Order in Limine is affirmed.

JOHNSTON, LAWRENCE V., JUDGE, dissenting.

This case involves the defendant's refusal to do something that few drivers ever thought to refuse doing before.[1] Now that he has taken this original course of action, the defendant hopes that no one, especially his jury will find out about it.

For years, the roadside field sobriety tests have been administered by law enforcement officers to a select few (hundred thousand) of the driving public. With the advent of DRUNKOMETER in the 60's and INTOXILIZERS in the late 80's, a significant new area of the law emerged regarding the reliability, admissibility, preamble warnings,[2] duty to take,[3] and refusal to take[4] these chemical tests. All the while, the field sobriety tests were "requested" by officers and dutifully performed by drivers both before and after arrest. Few paused to think what would happen if drivers stopped being so cooperative. That time has now arrived.

The defendant asks us to adopt as persuasive the numerous and often inconsistent[5] line of cases construing the breath testing machine statutes.[6] The statutory requirements for admissibility of those tests

---

[1] The possible exception being F. Lee Bailey in his own driving while under the influence case.

[2] *Sambrine v State,* 386 So.2d 546 (Fla. 1980)

[3] *State v Young,* 483 So.2d 31 (Fla. 5th DCA 1985)

[4] *South Dakota v Neville,* 459 US 553 (1983) and 26 ALR 4th 1112 (1983) superseding 87 ALR 3rd 370 (1963)

[5] *State v Duke,* 378 So.2d 96 (Fla. 2d DCA 1979) and *State v Young,* 483 So.2d 31 (Fla. 5th DCA 1985)

[6] F.S. 316.1932

**161**

have clearly not been met if the field sobriety tests have the same evidentiary prerequisites. Do the same reasons exist for regulating a field sobriety test as breath testing machines? I think not.

The right to observe, confront, detain and arrest a suspect are all necessary and reasonable exercises of the police power of the state. The detection and interception of drivers who are under the influence of alcohol involves, on one side, considerations of:

(a) A dynamic substance which is rapidly being eliminated in the body,[7]

(b) Use of a dangerous instrument capable of instant and serious injury,

(c) An instrument which by its nature permits rapid escape and avoidance of detection; and,

(d) Proximity to innocent members of the public while on public property.

The other side, however, involves considerations of:

(a) The right of an individual to be free of unreasonable interference; and,

(b) The right to be free from an unfounded arrest.

The activities generally categorized as "field sobriety tests" are nothing more than an attempt to balance these and other conflicting interests in the reasonable exercise of the police power. The clearest case found to express this concept comes from California.[8] There, the Court stated, in essence, that the detention of a suspect and the administration of field sobriety tests after a reasonable suspicion of alcohol related driving is not violative of either self-incrimination or unreasonable search and seizure concepts.[9] The field sobriety tests quantify and organize ordinary human behavior and human senses in order that an officer not act arbitrarily nor be forced to relate or justify his actions on otherwise trivial or easily misconstrued activities.[10] After a traffic stop, there is statutory legal duty to:

(a) Get out of one's car;

---

[7] *State v Kolocotronics,* 8 Fla. Supp.2d 12 (Fla. Palm Beach Cty. Ct. 1984)

[8] *People v Bennett,* 139 Cal. App. 767 (Cal. 1st DCA 1983)

[9] But see *Mersiousky v State,* 638 N.W. 2d 527 (Tex. 12th DCA 1982)

[10] Not cited by counsel in the case of *Pastori v State,* 456 So.2d 1212 (Fla. 2d DCA 1984). If literally, it established a duty to perform the tests and at the same time denies a defendant's right to consult an attorney before deciding whether to comply.

162

(b) Hand only a license and not a wallet; and,

(c) Stand where directed after a traffic stop.

If arrested, the failure to follow these reasonable instructions are no different in kind and no more nor less incriminating than failure to follow certain designated sobriety tests.

I would reverse the decision of the trial court in granting the defendant's motion in limine and remand this case for further proceedings in accordance with the views expressed in this opinion.