## STATE OF FLORIDA v HENRY

Case No. 89-036 AC A02 (County Court Case No. 88-26068TC A02)

Fifteenth Judicial Circuit, Palm Beach County

March 28, 1990

### APPEARANCES OF COUNSEL

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellant.
**Mark Goldstein, Esquire,** for appellee.

Before COLBATH, COHEN, CARLISLE, JJ.

### OPINION OF THE COURT

COLBATH, J.

BY ORDER OF THE COURT:

This is an appeal by the State of Florida from the trial court's order

which granted the defendant/appellee's Motion to Suppress results of a breath test. We affirm with opinion to clarify defendant's rights and what constitutes proper police conduct in the administration of these tests under Section 316.1932 Fla. Stat.

The above cited statute is so inartfully drafted and contains such a patchwork of rights, duties and liabilities that it is practically incapable of logical judicial interpretation. On the one hand, it contains a presumption that any person operating a vehicle shall "be deemed to have given his consent to submit" to a breath test, and on the other that "failure will result in the suspension of his privilege to operate a motor vehicle" and that such "refusal to submit" shall be admissible in evidence. Therefore, is there any wonder why the state argues that an operator's consent has been given and accordingly, police are free to coerce a reluctant defendant; or why the defendant argues the statute provides a legal right to refuse? Both positions are logical by virtue of the language of the statute.

In *State v Young*, 483 So.2d 31 (Fla. 5th DCA 1985), the 5th DCA sets forth a lucid and succinct discussion on a defendant's "right to refuse testing". Reduced to its simplest that Court drew the distinction between a "legal right" such as the right to vote or the right to trial by jury as opposed to an "option" to submit to or refuse a breath test. The former are true legal rights in that the citizen is not penalized or punished for exercising them. A defendant in choosing not to take a breath test is not exercising a "legal right" but rather electing an "option" by which he will incur penalties, to-wit; loss of driving privileges. Therefore, we conclude that a defendant does not have a legal right to refuse a breath test but may elect not to do so and thereby suffer the consequences of his decision.

That having been said, we turn to the facts in the instant case. The arresting officer properly informed the defendant/appellee that failure to take the breath test would result in the loss of his driving privileges as is required by the statute. He went further, however; the trial court found it was unrebutted that the officer stated that if the defendant/appellee refused the test he would be held in jail over the three day holiday weekend. That simply is an inappropriate and inaccurate statement of the law. Section 30.56 Fla. Stat. provides "in all cases of arrest for traffic violations, . . . the person arrested may in the discretion of such officer be released upon his own recognizance or upon bond. . . ." The arresting officer in the instant case left the defendant/appellee with the opinion that he would remain in jail for

three days without any opportunity for release, which was clearly wrong.

This court has absolutely no problem with law enforcement officers doing everything within their lawful power to coerce defendants into taking the breath test required by the statute. In doing so however, they cannot and must not improperly state the law or fail to fully inform the defendant of his rights. What the arresting officer herein told the defendant/appellee was so less than a misstatement of law than if he had told him he would be shot if he refused to take the test. Clearly, no court can countenance such conduct. Therefore, if officers elect to go beyond the statutorily mandated advices, they are hereby warned that they do so at the peril of suppression of evidence is they misstate the law or rights of a defendant.

Accordingly, and for the reasons set forth above, the trial court's order suppressing the results of the defendant/appellee's breath test is affirmed.

COHEN, J., concur.

---

Concurring opinion:

CARLISLE, J.

I concur. If a police officer persuades a defendant to take a breathalyzer test by misinforming him that the consequences of refusal are more severe than provided by law, the test results should be suppressed.

But most of the argument presented in this case swirled around the issue of whether there is a right of refusal. Judge Colbath is not the first judge to complain that the statutes dealing with DUI, implied consent, testing, contained in Chapter 316 and Chapter 322, are a patchwork quilt of amendment which, on first reading seem to be contradictory and are difficult to understand. Indeed the headline to 316.1932 F.S. talks of "right to refuse." It is really time to tailor up a new garment.

Be that as it may, careful study of the statute and the cases interpreting it leave no doubt that no one has a right, constitutional or otherwise, to refuse a breathalyzer test. The results of the test are non-testimonial. *Schmerber v California,* 484 U.S. 757, and the cases cited therein, stand for the proposition that a blood sample for the purpose of determining alcohol content, fingerprints, finger nail scrapings, are admissible in evidence even if they had to be taken from the defendant by force while he was kicking and screaming. Suspects can be forced to

44

wear clothing, recite words, etc. without violating any constitutional right. *South Dakota v Neville,* 459 U.S. 553, affirms this proposition with respect to DUI cases.

The notion that Section 316.1932 F.S. creates a statutory right to refuse is absurd. The statute prescribes a penalty for refusal. To take that argument to its logical conclusion is to say that if one can do the time one has the right to do the crime.

In *State v Young,* (5DCA 1985) 483 So.2d 31, it was held that the option to refuse to submit to the test provided in Section 316.1932(1)(a), F.S. cannot be equated with a legal right because the exercise of that option involves a penalty and can also be used as inculpatory evidence in the driver's criminal trial. No doubt, the Legislature can and very well may make criminal the refusal to submit to a breathalyzer test:

> "It is a matter peculiarly within the legislative sphere to establish penalty provisions for non compliance with (the implied consent law)." *Sambrine v State,* (Fla. S.Ct. 1980 at 549) 386 So.2d 546.

To the extent the statute appears to create an option the Florida Supreme Court recognized that the Legislature

> "may have concluded that it was preferable to enforce the implied consent law through (the imposition of a penalty for refusal) than mandate that its law enforcement officials be required to physically restrain every individual who refused to submit to the test." *Sambrine, supra.*

In other words, the Legislature determined that the results of the test were not of sufficient value to require the police to wrestle with every defendant who refuses. The Legislature merely imposed a penalty for refusal. Note the difference in cases involving death or serious bodily injury. Section 316.1933 F.S. allows the police to use reasonable force to require submission to the administration of a blood test.

It should also be noted that *State v Young, supra,* holding that there is no right to refuse to take a breath test, was a petition for Writ of Common Law Certiorari. The Fifth District held that the circuit court departed from the essential requirements of law when it held there was a right to refuse.

At best, it could be argued only that the implied consent law restricts officers from using physical force to extract breath samples in garden variety DUI cases. That is nothing more than a simple legislative decision that the game is not worth the candle. It has determined that the results of a blood alcohol test are sufficiently important in the

case of death or great bodily injury to warrant the use of force. I suspect in the not too distant future a test involving a mere pinprick will be developed. Then the Legislature may very well authorize the use of reasonable force in all DUI cases. Until that day, however, officers must content themselves with a refusal which is admissible in evidence against the defendant. If they overstate the consequences of refusal they are left with nothing.