392 So.2d 1029 (1981)
STATE of Florida, Appellant,
v.
David Michael COUNCE, Appellee.
Nos. 79-2227, 80-282.
District Court of Appeal of Florida, Fourth District.
January 28, 1981.
Jim Smith, Atty. Gen., Tallahassee, Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, Charles D. Peters, Asst. Public Defender, West Palm Beach, for appellee.
DOWNEY, Judge.
These are consolidated appeals by the State from (1) an order dismissing one count (attempted arson) of a three-count Information filed against Counce (Case No. 79-2227) and (2) an order discharging Counce from custody as to Counts II (extortion) and III (throwing a deadly missile into a building) (Case No. 80-282).
On February 13, 1979, a City of Hallandale police officer investigated a case regarding *1030 an alleged arson. During the course of his investigation the officer retrieved (1) a quart-sized beer bottle containing a liquid that smelled and tasted like gasoline and (2) a charred piece of brown paper. He took the foregoing material to a squadroom at the police station. Because an odor emanated from the squadroom, the station commander directed the officer to get rid of the material the officer had retrieved. The officer complied with his superior's order and got rid of the bottle, its contents, and the piece of brown paper. All this was done on February 13, 1979, before any analysis of the bottle, the liquid contents of the bottle, or the piece of brown paper could be made.
On February 16, 1979, Counce was taken into custody and charged with attempted arson and extortion. The third charge was added later. All the offenses charged were allegedly committed on February 13, 1979.
On March 23, 1979, the public defender filed a form Demand For Discovery, pursuant to Florida Rule of Criminal Procedure 3.220(a). The State responded to the Demand on April 11, 1979, by supplying the defense with, among other things, the identities and addresses of eleven persons who the prosecutor knew had information relevant to the offenses charged. Six of the eleven persons named were Hallandale police officers; two others were the purported extortion victims. On some date between April 11, 1979, and May 25, 1979, the public defender took the depositions of the purported extortion victims.
On May 29, 1979, the Honorable Robert Tyson, Jr., the judge then presiding over the cause, called the cause for trial. The prosecutor announced the State was ready. The public defender informed the court the defense was not ready on the extortion count because the State had failed to comply with a court order "to more clearly indicate what statements, if any, were made by Mr. Counce," and to give the defense the names of the persons in whose presence a statement had been made. A discussion among counsel and Judge Tyson disclosed that the public defender had deposed the purported victims and had learned that there were policemen present when one purported victim received an allegedly extortionate phone call from Counce; however, neither purported victim knew which policemen were present or whether any policeman had listened in on the conversation. In addition, the prosecutor represented that he did not know whether any policeman had listened in on the telephone conversation. However, the public defender still wanted to know the identity of any policeman who overheard the conversation. He asked Judge Tyson for a continuance and asked that the continuance be charged to the State. Judge Tyson granted the continuance, but he charged it to the defense.
In July 1979 the Honorable Joseph E. Price, Jr., succeeded Judge Tyson as the presiding judge in this cause.
On October 8, 1979, after a hearing on a defense motion, Judge Price entered an order dismissing Count I of the Information on the ground that the destruction of the beer bottle, the contents of the bottle, and the brown piece of paper had denied Counce due process of law. The Hallandale police officers involved in the destruction of the material they obtained on February 13, 1979, were and are agents of the State insofar as their actions relative to that material is concerned. The destruction of the material was thus an action of the State; that action impaired Counce's right of access to relevant and material evidence necessary to Counce's preparation of his defense on Count I. The circuit court properly concluded that this impairment of Counce's right to prepare his defense violated Counce's right to due process. See Barnard v. Henderson, 514 F.2d 744 (5th Cir.1975). We conclude that under the circumstances of this case, dismissal of Count I was proper. We hold that the order of October 8, 1979, was correct and affirm it.
We turn now to the order discharging Counce from custody as to Counts II and III.
On October 16, 1979, the public defender filed a motion for discharge on the grounds *1031 that Counce had not been brought to trial within any time limit prescribed by Florida Rule of Criminal Procedure 3.191. After holding a hearing on the motion Judge Price entered an order in which he found, in sum, that the continuance of May 29th should have been charged to the State rather than the defense since the State violated its duty under Rule 3.220(a)(1)(iii) to (a) furnish the defense with a copy of Counce's statement (the allegedly extortionate phone call) and (b) inform the defense to whom the statement was made or who was present when the statement was made. Judge Price also found that "Defendant did not request a continuance nor did he want a continuance."
The State argues that the order discharging Counce from custody should be reversed because Judge Price's finding that the May 29th continuance was properly chargeable to the State was erroneous.
Counce acknowledges that the order is erroneous in part because the State did furnish the defense with a copy of the statement. However, Counce urges that the order should be affirmed because the State violated its duty to furnish the defense with the names of the persons who were present when the statement was made. We note that the order contains another inaccurate finding, namely, that the defendant did not ask for a continuance; the record clearly shows that Counce did ask for a continuance.
However, and more importantly, Judge Price erred when he ruled that the continuance of May 29th should have been charged to the State. It is true that the State has a duty to furnish demanded discovery material in its possession. However, if the State does not have material demanded, it cannot be guilty of violating Rule 3.220. In the present case the State had possession of Counce's statement, and it did furnish the defense with a copy of that statement (the transcript of the conversation between Counce and one of the purported extortion victims); it was duty bound to do so. See Davis v. United States, 413 F.2d 1226, 1231 (5th Cir.1969). However, the State did not have possession of the names of the persons, if any, who might have listened in on the conversation; the good faith representation of the prosecutor to that effect on May 29th shows this lack of possession. It is true that the State had the opportunity to obtain from the policemen involved in the case the information the defense desired. However, and this is crucial to the outcome of this case, the defense had an equal opportunity to obtain from the policemen the information it desired. The State has no duty to do for the defense work which the defense can do for itself. Such a principle is inherent in the following comment of the rules of criminal procedure by the Supreme Court in Cooper v. State, 336 So.2d 1133, 1138 (Fla. 1976):
"[The rules] were not designed to eliminate the onerous burdens of trial practice. Their purpose was to avail the defense of evidence known to the state so that convictions would not be obtained by the suppression of evidence favorable to a defendant, or by surprise tactics in the courtroom." (Emphasis added.)
The foregoing statement of principle does not permit the State to evade the discovery rules by a wilful failure to learn that which is available to be learned in order to thwart the purpose of the rules; lack of knowledge resulting from bad faith would not relieve the State of its duty to disclose to the defense material that is otherwise unavailable to the defense. Cf. State v. Coney, 272 So.2d 550, 553 (Fla. 1st DCA 1973).
We therefore hold that, in the situation here, the defense was able to obtain the information it demanded from the State by means other than production by the State, and thus there was no duty on the State to obtain that information and furnish it to the defense. We further hold that if the defense neglects to obtain necessary information from available sources other than the State, any continuance the defense requests because it lacks such information is properly chargeable to the defense.
For the foregoing reasons we reverse the order discharging Counce from custody in *1032 Case No. 80-282 and remand the cause for further proceedings.
AFFIRMED IN PART and REVERSED IN PART, and remanded with directions.
BERANEK and HURLEY, JJ., concur.