442 So.2d 239 (1983)
STATE of Florida, Appellant,
v.
Kenneth A. SOWERS and Larry Gene Johnston, Appellees.
Nos. 83-489, 83-493.
District Court of Appeal of Florida, Fifth District.
October 20, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
James Russo, Public Defender, and John D. Galluzzo, Asst. Public Defender, Sanford, for appellees.
DAUKSCH, Judge.
This is an appeal from a county court order suppressing evidence in a criminal case and from the declaration in that order that Section 316.1932(1)(a), Florida Statutes (1982) is unconstitutional. Jurisdiction for our review of that order is pursuant to Rule 9.140(c), Section 26.012(1) and Section 924.08(2).
The order appealed declares the statute unconstitutional because it violates the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 9 and Section 12 of the Florida Constitution. The order "precludes the State Attorney of the Eighteenth Judicial Circuit In and For Seminole County, Florida from introducing into evidence at the trial in this cause the fact that the aforesaid Defendant refused to submit to a chemical test for intoxication on or about October 14, 1982 or from making any reference to said fact."
It would be rather superfluous for us to write a detailed analytical opinion discussing the issue, and our decision regarding it, because not only has appellee "confessed error" and declined to file a brief, but the case is controlled by a U.S. Supreme Court *240 case issued just before the trial judge's order here on appeal. In South Dakota v. Neville, ___ U.S. ___, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983) the supreme court held that a suspected drunk driver's refusal to submit to a blood-alcohol test can be used as evidence at trial. The introduction of the evidence is no more violative of the Florida Constitution than it is violative of the U.S. Constitution, in our opinion, and thus it is admissible at trial. Our ruling is not based upon the 1983 amendment to Article I, Section 12 of the Florida Constitution, thus we have not considered whether that amendment is retroactively applied. See State v. Lavazzoli, 434 So.2d 321 (Fla. 1983). Our opinion is based upon the reasoning of South Dakota v. Neville.
The order appealed is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.