442 So.2d 331 (1983)
STATE of Florida, Appellant,
v.
Francis PAGACH, Appellee.
No. 83-470.
District Court of Appeal of Florida, Second District.
December 7, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender, and Paul E. Firmani, Asst. Public Defender, Clearwater, for appellee.
*332 GRIMES, Judge.
The state appeals from an order of the county court suppressing evidence of appellee's refusal to submit to a chemical breath test and declaring unconstitutional a portion of section 316.1932(1)(a), Florida Statutes (1982 Supp.). We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B) and section 26.012(1), Florida Statutes (1981).
On August 3, 1982, appellee was arrested for driving while under the influence of alcohol. He refused to submit to a breathalyzer test and subsequently filed a motion in limine to prohibit any testimony relating to his refusal. At the motion hearing, appellee argued that section 316.1932(1)(a), Florida Statutes (1982 Supp.), commonly referred to as the "implied consent law," was unconstitutional in that it violated the federal and state privilege against self-incrimination. The statute in question provides in pertinent part:
(1)(a) Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state shall, by so operating such vehicle, be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood, and to a urine test for the purpose of detecting the presence of controlled substances, if he is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages or controlled substances... . Such person shall be told that his failure to submit to such a breath test or urine test, or both such tests, will result in the suspension of his privilege to operate a motor vehicle for a period of 3 months, for a first refusal, or for a period of 6 months if the driving privilege of such person has been previously suspended as a result of a refusal to submit to such a test or tests. The refusal to submit to a chemical breath or urine test upon the request of a law enforcement officer as provided in this section shall be admissible into evidence in any criminal proceeding.
The court granted the motion, although on different grounds, finding that to allow such testimony without advising appellee that his refusal would be introduced against him at trial violated due process. The court struck the last sentence of the statute as unconstitutional.
Initially, we note that at the time this case was before the trial court, a similar provision of a South Dakota statute had been held violative of an accused's Fifth Amendment privilege by the South Dakota Supreme Court. State v. Neville, 312 N.W.2d 723 (S.D. 1981). The United States Supreme Court granted certiorari and on February 22, 1983, reversed the South Dakota ruling. South Dakota v. Neville, 459 U.S. ___, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). The Supreme Court held that the values behind the Fifth Amendment are not hindered when the state offers a suspect the choice of submitting to a blood alcohol test or having his refusal used against him. The Court concluded that "a refusal to take a blood alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination." Id. at ___, 103 S.Ct. at 923, 74 L.Ed.2d at 759.
The United States Supreme Court went on to reject the contention that the admission at trial of the accused's refusal to take the test violated the Due Process Clause. The failure of an officer to warn the accused that his refusal could be used against him is "not the sort of implicit promise to forego use of evidence that would unfairly `trick' respondent if the evidence were later offered against him at trial." Id. at ___, 103 S.Ct. at 924, 74 L.Ed.2d at 760. The Court concluded that the right of refusal was simply a right granted by legislative grace and that the use of evidence of the refusal comported with the fundamental fairness required by due process.
Although appellee argues that article I, section 9, of the Florida Constitution *333 should be construed in a manner to afford more protection than that of the Fifth Amendment, we are not inclined to do so. Our colleagues in the Fifth District Court of Appeal recently addressed this very issue in State v. Sowers, 442 So.2d 239 (Fla. 5th DCA 1983). In Sowers, the court held that the introduction into evidence of a suspected drunk driver's refusal to submit to a chemical test is "no more violative of the Florida Constitution than it is violative of the United States Constitution." At 240.
In interpreting the former implied consent law, section 322.261(1)(a), Florida Statutes (1975), our supreme court held that a defendant merely had a statutory right to refuse to submit to a chemical test for intoxication and could be penalized for exercising that right only by a three-month suspension of his driving privileges. Sambrine v. State, 386 So.2d 546 (Fla. 1980). The court concluded by stating that "it is a matter peculiarly within the legislative sphere to establish penalty provisions for noncompliance with substantive law." Id. at 549. With the revision of the implied consent statute in 1982, the legislature specifically added the new section which provides that refusal to submit to a chemical test is admissible into evidence in any criminal proceeding. The addition of this new penalty was clearly within the legislature's prerogative.
We note that Kansas has recently followed the lead of the United States Supreme Court in upholding the constitutionality of its implied consent statute. State v. Compton, 233 Kan. 690, 664 P.2d 1370 (1983). Accord Coleman v. State, 658 P.2d 1364 (Alaska Ct. App. 1983). Other states had previously interpreted their statutes in a similar manner even without the benefit of South Dakota v. Neville. Hill v. State, 366 So.2d 318 (Ala. 1979); Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (1971); Finley v. Orr, 262 Cal. App.2d 656, 69 Cal. Rptr. 137 (1968); State v. Bock, 80 Idaho 296, 328 P.2d 1065 (1958); State v. Holt, 261 Iowa 1089, 156 N.W.2d 884 (1968); State v. Meints, 189 Neb. 264, 202 N.W.2d 202 (1972); State v. Tabisz, 129 N.J. Super. 80, 322 A.2d 453 (1974); McKay v. Davis, 99 N.M. 29, 653 P.2d 860 (1982); State v. Gardner, 52 Or. App. 663, 629 P.2d 412 (1981); Commonwealth v. Robinson, 229 Pa.Super. 131, 324 A.2d 441 (1974).
Accordingly, we hold section 316.1932(1)(a), Florida Statutes (1982 Supp.), to be constitutional and remand this cause to the county court for further proceedings consistent with this opinion.
REVERSED.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.