GRIMES, Judge.
The state appeals from' a county court order granting appellees’ motion to suppress evidence of their refusal to submit to a chemical breath test and declaring unconstitutional a portion of section 316.-1932(l)(a), Florida Statutes (1982 Supp.), the “implied consent law.” The lower court held that the statutory provision was violative of federal and state due process as well as appellees’ privilege against self-incrimination. The court struck the last line of section 316.1932(l)(a) which stated:
The refusal to submit to a chemical breath or urine test upon the request of a law enforcement officer as provided in the section shall be admissible into evidence in any criminal proceeding.
We have previously addressed the constitutionality of section 316.1932(l)(a) and rejected these contentions. In State v. Pagach, 442 So.2d 331 (Fla. 2d DCA 1983), we held that in the 1982 revision of the implied consent statute, the legislature acted clearly within its prerogative when it added the section providing that refusal to submit to a chemical test is admissible evidence in any criminal proceeding. We also found that admission of the refusal evidence at trial without previously advising the driver that his refusal could be introduced against him was not violative of either federal or state constitutional rights.
The authority and reasoning of Pagach are equally applicable to the case before us. On the basis of Pagach, we again declare that section 316.1932(l)(a) is constitutional.
Reversed and remanded for proceedings consistent herewith.
HOBSON, A.C.J., and CAMPBELL, J., concur.