ON PETITION FOR WRIT OF CERTIORARI
FRANK D. UPCHURCH, Jr., Judge.
The State of Florida seeks a writ of certiorari to review and quash an order of the circuit court rendered in its appellate capacity.
Respondent had been charged with driving under the influence of alcohol in violation of section 316.193, Florida Statutes (1981), and filed a motion to suppress evidence regarding his refusal to take a blood alcohol test. The county court rendered its order stating that it would allow into evidence the fact that Respondent refused to take the test, but would not allow any particular statements made by Respondent at such time or a videotape documenting his refusal. Petitioner filed an appeal to the circuit court and Respondent cross appealed.
The circuit court ruled that it was bound to follow State v. Ducksworth, 408 So.2d 589 (Fla. 2d DCA 1982) and Brown v. State, 412 So.2d 22 (Fla. 2d DCA 1982) and exclude any evidence of such refusal. The circuit court therefore reversed the county court’s order which had allowed in some of the evidence.
Based upon South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), this court held in State v. Sowers, 442 So.2d 239 (Fla. 5th DCA 1983) (which was rendered one day after issuance of the circuit court’s order in this case) that a suspected drunk driver’s refusal to take a blood alcohol test can be used at trial.
We therefore GRANT the petition for writ of certiorari and QUASH the order of the circuit court.
DAUKSCH and COWART, JJ., concur.