## STATE OF FLORIDA v BADER
### Case No. 77519BP
County Court, Dade County (Traffic Division)
February 25, 1987

## OPINION OF THE COURT

FRED MORENO, County Judge.

The Defendant has filed a Motion to Dismiss the charge of Driving Under the Influence on the basis that a videotape of the defendant was erased by the State. The State contends that only an attempt to make the videotape was made and that any error occurring resulted from mislabeling a tape unrelated to this case. Both parties stipulated, at an evidentiary hearing that was held, that Trooper Roger Odem's deposi-

tion of February 17, 1987 would be the sole evidence presented for the motion. The Court having reached such transcript and having heard argument of counsel hereby makes the following findings of fact and conclusions of law.

The Court finds that a videotape of the Defendant after his arrest was made and that the videotape machine was working as testified by Trooper Odem. (See pages 32 and 33 of the deposition). The Court further finds that in view of the Defendant's condition (e.g. he didn't have any trouble providing accident information to the trooper; his neat appearance; the trooper's failure to recollect how the Defendant performed on the balance test; the Defendant missing only one out of six times on the finger to nose test, etc.) the videotape would have been material and favorable to the Defendant under *Brady v. Maryland,* 373 U.S. 83 (1963). This videotape was apparently destroyed by the State after request for it was made by the Defendant. Hence, the omission of the videotape was material to the determination of guilt or innocence as admitted by Trooper Odem in his deposition. Furthermore, considering the breath test result of .12% which would carry an instruction to the jury presuming the Defendant impaired, the omission of the tape would be extremely prejudicial.

The instant case is easily distinguished from *Melendez v. State* (FLW 12/11/86) in that the evidence alleged not to be preserved (stains, clothes, blood sampling) in that murder case was not shown to have an apparent exculpatory value. In a D.U.I. prosecution, as Trooper Odem himself states, a videotape "gives the true picture of what transpired rather than just telling somebody how somebody performed." (Deposition Transcript pages 50-51). Also, *Budman v. State,* 362 So.2d 1022 (3d DCA 1978) likewise is easily distinguishable since the Court "scrupulously reviewed the entire record and can find no showing, whatsoever, that the copies, if produced, would have been favorable or material in any way to appellant."

Wherefore, despite the State's unnecessary destruction of the favorable evidence having been done in apparent good faith, dismissal is required. *State v. Del Gaudio,* 445 So.2d 605 (3d DCA 1984); *State v. Counce,* 392 So.2d 1029 (4th DCA 1981).

WHEREFORE, it is ORDERED and ADJUDGED that the Defendant's Motion to Dismiss is hereby granted.

DONE AND ORDERED this 25th day of February, 1987 in Miami, Dade County, Florida.