# BAUTA v STATE OF FLORIDA
## Case No. 86-147 AC (County Case No. LL-Z0305,6)
Eleventh Judicial Circuit, Appellate Division, Dade County
February 1, 1988

## APPEARANCES OF COUNSEL

**Bennett H. Brummer**, Public Defender, and **Thomas J. Murray**, Assistant Public Defender, for appellant.

**Robert A. Butterworth**, Attorney General, and **Mark S. Dunn**, Assistant Attorney General, for appellee.

Before NADLER, DONNER, ROBINSON, JJ.

## OPINION OF THE COURT

PER CURIAM.

DONNER, J.

It has been a long standing principle of our system of justice to exclude relevant evidence where its prejudicial effect outweighs the probative value. In the instant case, there is a great probability that the jury based its conviction of the Defendant on an improper basis, namely, his past acts.

The prosecuting attorney, over the timely objection of defense counsel, asked the technician why the Defendant refused the breathalyzer test. The technician responded, "His statement was that he was not taking any kind of a test, that—his statement exactly was he had been arrested before for D.U.I. and he knows not to take the test, any kind of test."

At the very least, a curative instruction should have been given. This Court reverses the Trial Judge's decision, holding that a mistrial should have been granted the Defendant, given the prejudicial effect caused by the testimony of the technician.

STEVEN D. ROBINSON, Judge (concurring specially)

The statement made refusing to take the breath test, required by Florida Statute Sec. 322.261(1)(a) is not a response to interrogation and therefore admissible. *South Dakota v. Neville,* 459 U.S. 553, 74 L.Ed.2d 748, 103 S.Ct. 916 (1983); *State v. Pagach,* 442 So.2d 331 (Fla. 2d DCA 1983). The added comment about the defendant's past arrest is not relevant to any issue in the case and should, therefore, have been excluded. *Mosley v. State,* 60 So. 2d 167 (Fla. 1952).