## STATE OF FLORIDA v McCARTHY
### Case No. 87-039 AC (County Court Case No. 81785, 6 BK)
Eleventh Judicial Circuit, Appellate Division, Dade County

June 22, 1988

### APPEARANCES OF COUNSEL

**Robert A. Butterworth**, Attorney General and **Joni B. Braunstein**, Assistant Attorney General, for appellant.

**Noel A. Pelella**, Essen and Essen, P.A., for appellee.

Before HENDERSON, ESQUIROZ, GERSTEIN, JJ.

### OPINION OF THE COURT

PER CURIAM.

On December 23, 1986, the trial court judge in this cause granted the defendant's motion for a continuance, ruling that the continuance was not attributable to the defendant, after the state had announced it

was ready for trial. The charging of the continuance in this manner was based upon representations that witnesses duly subpoenaed and served by the defendant for depositions failed to appear for such depositions. No prior continuances had been charged to the defendant by the trial court. In the meantime, the speedy trial period expired on December 26, 1986. The granting of the continuance and, for all intent and purposes, charging it to the state resulted in the trial court granting the defendant's motion for discharge. The state brings this appeal, contending that the granting of the motion for discharge was erroneous, because the continuance should have been charged to the defendant (not the state) and thus the speedy trial rule was waived.

The rule is well established that in criminal prosecution, the state is not responsible for the failure of witnesses to appear for pretrial depositions, and should not be charged with the continuances, when one is granted to the defendant on the grounds that witnesses failed to appear for deposition. *See State v. Bonamy,* 409 So.2d 518 (Fla. 5th DCA 1982); *State v. Roig,* 305 So.2d 836 (Fla. 3d DCA 1974).

The state likewise argues that the December 15 continuance should not have been charged to the state. An examination of the record reveals that on December 15, the state furnished the defense an additional list of witnesses pursuant to a prior order of the trial court compelling the state to furnish to the defense the names and addresses of additional witnesses (a nurse and a corrections officer). The trial court so ordered even though it was defense counsel, and not the state, who had first learned of these witnesses through his investigation of the case since November 25, 1986.[1] In compliance with this order of the trial court, the state furnished to the defense the additional list of witnesses on December 15, 1986. Because defense counsel had not deposed these witnesses, he moved for a continuance of the trial charged to the state, which the trial court granted. The state then moved for a rehearing of this ruling on December 18, 1986, contending that the continuance of December 15 should have been charged to the defendant, on the grounds that the defendant had untimely furnished

---

[1] This case was set for trial on three different dates in the trial court (on November 26, December 15, and December 22), and each time the trial was continued at the defendant's request. On November 26, the defendant filed his first motion for an "excused" continuance on the grounds that two state witnesses had failed to appear for duly scheduled depositions. The defendant also moved to compel the state to supply a better address of another state witness. The trial court granted the motion to compel as well as the motion for continuance and charged the continuance to the state. This particular ruling of the trial court taken on November 26 is not challenged by the state herein. There is thus no need to pass on its correctness on appeal.

the state with reciprocal discovery on the Friday prior to the Monday of trial. The trial court reserved ruling on this motion for rehearing with the effect that the continuance remained improperly charged to the state. It is evidence from an examination of the record that the delay was attributable to the defendant as much as it was to anything else. The defendant did not furnish reciprocal discovery until the Friday prior to the week of trial. In addition, the defendant desired additional time to depose witnesses of whose existence defendant had learned before the state did.[2] Under these circumstances, the December 15 continuance should not have been charged exclusively to the state. *See, e.g., State v. Counce,* 392 So.2d 1029, 1031 (Fla. 4th DCA 1981).

The instant case is reversed and remanded for additional proceedings, on the ground that the December 15 and December 22 continuances should not have been charged to the state, and thus the defendant was not entitled to a discharge under the speedy trial rule.

Reversed and remanded.

---

[2] We note that defense counsel learned of the existence of the additional witnesses (a nurse and a corrections officer) on November 25, one day prior to the first scheduled trial date.