# LA ROCCA v STATE OF FLORIDA

Case No. 89-79AC10 (County Court Case No. 88-27694MM10)

Seventeenth Judicial Circuit, Broward County

August 30, 1990

## APPEARANCES OF COUNSEL

**Helen B. Raisman, Esquire,** Cohen & Raisman, P.A., for appellant.
**Lewis Michael, Esquire,** Assistant State Attorney, for appellee.

## OPINION OF THE COURT

ARTHUR J. FRANZA, Circuit Judge.

THIS CAUSE having come before the Court on Appellant, Robert

La Rocca's appeal from a judgment entered in the County Court, Criminal Traffic Division, and the Court having reviewed both Appellant's Brief and Appellee's Brief hereby finds the following conclusions of fact and law:

## STATEMENTS OF FACT

Appellant, La Rocca, presents five issues on Appeal. First, whether the Trial Court erred in denying Appellant's Motion in Limine to exclude evidence as to a container of alleged alcoholic beverage found in Appellant's vehicle. Second, whether the Trial Court erred in allowing the admission of evidence as to Appellant's alleged refusal to submit to breath alcohol testing. Third, whether the Trial Court erred in the denial of Appellant's Motion For Mistrial, and refusal of Appellant's request for a curative instruction. Fourth, whether the Trial Judge committed error by denying Appellant's refusal of physical sobriety tests. And fifth, whether the Trial Court erred in the denial of Appellant's Motion for Judgment of Acquittal.

During the trial the State introduced evidence that on November 5, 1988, defendant was arrested in Broward County for driving while impaired under the influence of alcohol, speeding and driving on the wrong side of a roadway. The State filed a single count information charging defendant with D.U.I. The defendant was adjudicated guilty, and sentenced by the trial court. Prior to trial defendant proffered two Motions in Limine and both were denied. The first motion required the court to exclude the evidence as to an open container of alcoholic beverages found in defendant's vehicle at the time of the arrest. The second motion sought to exclude evidence as to the numerical results of defendant's breath alcohol test, and exclusion of evidence that defendant refused to submit to testing. Defendant gave one sample, but refused to give a second test. The trial court ruled the numerical results of the test would be excluded, but the State could offer evidence of defendant's refusal to submit to testing.

The arresting officer testified that while speaking to the defendant he detected an odor of alcohol about him, bloodshot eyes, and his speech was slurred. The defendant was staggering and had trouble walking. The back up officer retrieved a cup in open view from the front seat of defendant's car, the arresting officer stated it contained a type of vodka or whiskey. Three roadside sobriety tests were administered by the back up officer, and the arresting officer opined defendant failed two of the tests and failed to perform the third. As a result of the test the officer arrested defendant for D.U.I. The defendant was given several opportunities to blow into the breath testing machine, but performed

poorly on the roadside tests. Nor could defendant comprehend the test instructions read to him.

## ANALYSIS OF LEGAL ISSUES

With regard to the first issue, whether or not the court erred in the denial of appellant's Motion in Limine to exclude evidence as to the container of alleged alcohol found in defendant's car, the record as well as the case law in this area indicates that the trial court correctly denied the motion. The State did not produce the cup or its contents, and offered no testimony pertaining to the existence of the cup probative to the issue of whether appellant was under the influence of alcohol. The Court concurs with appellant's argument that it is axiomatic that a party offering evidence has the burden to demonstrate the relevance of that evidence. *Hitchcock v State,* 413 So.2d 741 (Fla. 1982). And as defendant was not charged with violation of open container law, there was no impairing of defendant's right of access to such evidence. The State did not intentionally or negligently destroy critical inculpatory evidence, and then introduce irrefutable testimony of the most damaging nature against the accused. See *Counce v State,* 392 So.2d 1029 (Fla. 4th DCA 1981), *Stripp v State,* 371 So.2d 712 (Fla. 4th DCA 1979).[1]

As defendant was not charged with an open container violation, and the officer's testimony was subject to cross examination, the prejudice to the defendant was minimal as a result of the introduction of the evidence relating to the cup.

Furthermore, defendant's driving and physical appearance was more inculpatory then the evidence of the contents of the cup, discovered in open view in defendant's vehicle.

With regard to the second issue, whether there was a basis for the admission into evidence that defendant refused to submit to breath alcohol testing, this Court concludes there is a basis for admission and furthermore, *F.S. 316.1932(e)(1)* clearly states all drivers, licensed in Florida, impliedly consent to the testing of their blood, breath or urine for the detection of alcohol or drugs.

An analysis of a persons breath, in order to be considered valid under the statute, must have been performed substantially in compliance, according to the methods approved by the Department of Health and Rehabilitative Services. Collection and processing of samples are

---

[1] See also *State v Hill,* 467 So.2d 845 (Fla. 4th DCA 1985), where the Court held an appellant must maintain that destruction of the evidence resulted in some demonstrable prejudice to her, in that the evidence suppressed was material to the issue at trial.

**109**

strictly regulated and the State must substantially comply with these regulations. There is much case law to support this proposition, see *Dorman v State,* 492 So.2d 1160 (Fla. 1st DCA 1986); *State v Roose,* 450 So.2d 861 (Fla. 3d DCA 1985). In the latter case, test results were held to be inadmissible where the person who drew defendant's blood was not statutorily authorized to do so. And the lack of authorization fatally affected the reliability of the test results, rendering them inadmissible into evidence. *Roose,* supra, page 862.

A suspected drunk driver's refusal to take a blood alcohol test can be used at trial, and is admissible into evidence in a criminal proceeding. *State v Forrer,* 455 So.2d 655 (Fla. 5th DCA 1984). A refusal to take the chemical breath test is admissible into evidence and is constitutional. *State v Young,* 483 So.2d 31 (Fla. 5th DCA 1984); *State v Pagach,* 442 So.2d 331 (Fla. 2d DCA 1983), and *Lampkin v State,* 445 So.2d 579 (Fla. 5th DCA 1984).

In the present case defendant was uncooperative, refused to give a sufficient breath sample, and blew a reading of 0.147 on one test, and then simply refused to further comply. The record clearly indicates the refusal to provide a second sample. (R. 74). The defendant was not given the results of the first test, as a second test was required before he could be told the results.

The Court concurs with the appellee's reasoning that if fairness requires the State be accountable to accurately perform testing, to insure reliability of such data to avoid prejudice to the subject, then similarly fairness also requires the defendant be held accountable to provide a valid breath sample. The trial court properly termed appellant's actions a "refusal" and allowed in evidence of such refusal.

With regard to the third issue, whereby appellant contends that his Motion for Mistrial and in the alternative request for curative instructions, was wrongfully denied by the trial court, this Court finds no merit in this supposition. Appellant argues that their motion was based on the susceptibility of the arresting officer's statement as an inference upon appellant's failure to come forward with proof of his innocence, and offer an explanation for his conduct.[2]

---

[2] The prosecution had asked the arresting officer to describe appellant's actions after his arrest, and having having been informed of the Florida implied consent laws the officer testified that:

". . . at this time I read the implied consent given to me from a card from the Broward's Sheriff's Office. This test is to give the defendant an opportunity to perform a breathalyzer, urine test or both, to prove . . ." (R. 52)

After the words "or both, to prove", Defense moved for a mistrial, stating that the

Appellant's contention that the officer's comment raised an inference that appellant, while under arrest and accused of a crime, stood silent and/or failed to offer an explanation, is without merit and baseless. The comment was trivial in nature, and not sufficiently egregious to require a mistrial or a reversal on appeal. A review of the record shows that the officer was cut off in mid sentence, and thus the implication of his words is not clear, as he was not given the opportunity to complete his sentence. An error must be so prejudicial that it denies the accused a fair trial for a court to grant a mistrial. *Buenoano v State,* 527 So.2d 194 (Fla. 1988). And a mistrial on such motion is within the sound discretion of the trial court, and should be granted only when it is necessary to ensure the defendant receives a fair trial; *Marek v State,* 492 So.2d 1055 (Fla. 1986); *Palmer v State,* 486 So.2d 22 (Fla. 1st DCA 1986); *Jenkins v State,* 547 So.2d 1017 (1st DCA 1989).

Even prejudicial testimony is less likely to mandate a mistrial when there is other significant evidence of guilt, which reduces the likelihood that the other wife's improper testimony had a substantial impact upon the verdict of the jury.[3]

In *State v Marshall,* 476 So.2d 150 (Fla. 1985), the Court went on to state;

". . . any comment on, or which is fairly susceptible of being interpreted as referring to a defendant's failure to testify is error and is strongly discouraged such comment should be evaluated according to the harmless error rule, with the State having the burden of show the comment to have been harmless beyond a reasonable doubt . . ."

The State must fail to meet this burden, if an appellate court is to reverse an otherwise valid conviction. Even if a court finds overwhelming evidence of guilt, it may hold the error harmless. See *Grala v State,* 414 So.2d 261 (Fla. 3d DCA 1982). In this case the error was harmless because of the overwhelming evidence of guilt, aside from a blood test. In the case at bar, an argument can be made that overwhelming guilt was present. The appellant's driving was incriminating, and he was visibly impaired, therefore in light of all the circumstances the officer's comment was harmless.

With regard to the fourth issue, that the trial court erred in denying

---

officer's comment placed the burden of proof on the defendant to prove something by taking a test. As the officer was cut off in mid-sentence, the Judge did not feel the comment warranted a mistrial.

[3] *U.S. v Rouco,* 765 F.2d 983 (F.D.F.L. 1985), rehearing denied 772 F.2d 918, Cert. denied 106 S.Ct. 1646, 475 U.S. 1124, 90 L.Ed. 2d.

appellant's motion in limine to exclude evidence of appellant's refusal of physical sobriety tests for videotape recording, this Court affirms the ruling of the trial court. This affirmation is based on the rationale that as roadside tests are admissible evidence, by law, then the video tape, made a part of the record, is also deemed admissible. Field sobriety tests have been held as non-communicative. See *State v Edwards,* 463 So.2d 551 (Fla. 5th DCA 1985). Appellant was aware that his license would be revoked for failure to take the breath test in compliance with HRS regulations, and the implied consent warnings were given to him on the video. A refusal to submit to a blood or breath test is admissible evidence under *F.S. 319.1932(1)(a).* Although the statute does not explicitly include physical sobriety tests, as defendant's refusal to submit to blood testing is admissible evidence and did not violate his 5th Amendment right against self incrimination, then by analogy any refusal to submit to physical sobriety tests should be admissible evidence. See *Pardo v State,* 419 SO.2d 1313 (Fla. 5th DCA 1984).

Finally, the fifth issue, whether or not the trial court erred in denying appellant's motion for judgment of acquittal, this Court upholds the trial court's denial of defendant's motion. This case indicates there was sufficient, competent, evidence to support the verdict and judgment. This decision is based on a thorough analysis of the court record, which presents enough evidence to substantiate the verdict rendered by the trial court.[4]

Furthermore, it is up to the trial judge to determine whether a jury could reasonably conclude that the evidence excludes every reasonable hypothesis but that of guilt, in a judgment of acquittal. See *Fratello v State,* 496 SO.2d 903 (Fla. 4th DCA 1986); *Tibbs v State,* 397 SO.2d 1120 (Fla. 1981). In another case, *State v Edwards,* 463 So.2d 551 (Fla. 5th DCA 1985), defendant Edward's appearance and actions were similar to appellant and the Court found the State had established the offense of Driving Under the Influence, and upheld the trial court's denial of defendant's motion for judgment of acquittal.

The trial court judge applied the proper standards, and correctly denied the motion for judgment of acquittal. The evidence submitted to the jury was sufficient, and to deem it circumstantial is a misconception.

---

[4] This sufficient, competent, evidence included; the training and experience of the officers involved in the case (R. 33); appellant's refusal to perform certain tests and his obvious impairment; his bloodshot eyes, slurred speech, odor of alcoholic beverage (R. 39, 40, 138); appellant's driving pattern and poor performance on the roadside tests (R. 35, 114, 91, 37-8); the evidence of the cup, smelling strongly of an alcoholic beverage. (R. 43-4, 138-43).

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the judgment in the trial court is affirmed.

**DONE AND ORDERED** in chambers at Ft. Lauderdale, Florida, on this 30th day of August, 1990.