WARNER, Judge.
The state petitions for certiorari from two decisions of the circuit court sitting in its appellate capacity holding that respondents’ motions to suppress the results of their pre-' release breath alcohol tests administered in accordance with section 316.193(9), Florida Statutes (1993), should have been granted by the county court. The circuit court held that the admission of such evidence was fundamentally unfair to the respondents where the respondents were not told that it could be used as evidence against them in a criminal proceeding.
The respondents/defendants were stopped for suspicion of driving while intoxicated and refused to take “implied consent” breath alcohol tests. After each defendant was arrested and taken into custody on the charges, he was told that he would be released from jail if he took a breath test and his test result indicated that he had a blood alcohol level of less than 0.05%. Neither defendant was advised that this pre-release test result could be used against him. The defendants took the tests.
Before their criminal trials, each defendant moved to suppress his pre-release test result. They both argued that the Legislature did not provide and did not intend that the results of pre-release tests would be admissible at trial. In Tatty’s case, the county court *937 denied the motion to suppress, but in Rubio’s case the county court granted the motion. Both Talty and the State appealed the orders.
In its opinion the circuit court noted that the implied consent statute requires law enforcement to inform a person suspected of driving under the influence of alcohol of the consequences of refusing the breath test. See § 316.1932(l)(a), Fla. Stat. (1993). In contrast, the pre-release statute, which permits a person to be released from custody if the person’s blood alcohol level is less than 0.05%, contains no warning that this test may be used as evidence in a criminal proceeding. See § 316.193(9). The court held that there is “a fundamental unfairness in section 316.193(9) in that it purports to allow the State to get in the back door evidence it could not get in the front door.” Finding that the relevancy is outweighed by the prejudice and fundamental unfairness in admitting the blood test, unless a person is specifically told that it can be used as evidence in a criminal proceeding, the circuit court held that the test results should have been suppressed. The State petitions for certiorari from these decisions.
Our review of decisions of a circuit court acting in its appellate capacity is governed by Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995):
The inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. As explained above, these two components are merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law....
This standard, while narrow, also contains a degree of flexibility and discretion. For example, a reviewing court is drawing new lines and setting judicial policy as it individually determines those errors sufficiently egregious or fundamental to merit the extra review and safeguard provided by certiorari.
Id. at 530-31 (footnote omitted). In the instant case, there is no claim that procedural due process was not afforded. The issue is whether the circuit court applied the correct law.
In holding that the admission of pre-re-lease breath tests was prejudicial and fundamentally unfair, the circuit court analyzed the case under a constitutional due process standard. The court held that it is fundamentally unfair to tell an arrestee that consent to the breath test may be refused with the consequence of the loss of driving privileges and then allow the person to take a breath test to be released from custody and admit it in evidence, as the arrestee would not know the consequences of his act.
Section 316.1932(l)(a) provides that any person accepting driving privileges in this state impliedly consents to the administration of breath, blood, or urine tests for alcohol and chemical substances when arrested for any offense allegedly committed while that person was driving a vehicle under the influence of alcohol. The Legislature permits a suspect to refuse to take such a test, but that refusal carries with it a suspension of the driver’s license. Id. An arresting officer is required to inform the person that refusal to consent to the test will result in the suspension of the person’s driving privileges. The statute also provides that the refusal is admissible in evidence, but there is no statutory requirement that the arrestee be informed of the evidentiary consequences of a refusal.
The United States Supreme Court held in South Dakota v. Neville, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983), that the failure of a police officer to warn the accused that his refusal to take the breath test could be used against him was “not the sort of implicit promise to forgo use of evidence that would unfairly ‘trick’ respondent if the evidence were later offered against him at trial.” 459 U.S. at 566, 103 S.Ct. at 924. Concluding that the right to refuse was not a fundamental right but one of legislative grace, the use of the evidence of refusal comported with fundamental fairness required by due process. Our courts have agreed with the Supreme Court. In State v. Pagach, 442 So.2d 331 (Fla. 2d DCA 1983), the court adopted Neville and also declined to apply Article I, section 9 of the Florida Constitution in a manner which would render *938 such evidence inadmissible based upon the failure to advise that the refusal could be used against the arrestee in court. See also State v. Sowers, 442 So.2d 239 (Fla. 5th DCA 1983).
Neville rests its determination that no due process violation occurred on the lack of deception in failing to advise of all adverse consequences, where the arrestee was advised of some adverse effects. We cannot say the same for the administration of the pre-release test. Once in custody, a person arrested for driving under the influence of alcohol may be released only upon compliance with section 316.193(9) which allows release under the following circumstances:
(a) Until he is no longer under the influence of alcoholic beverages ... and affected to the extent that his normal faculties are impaired;
(b) Until his blood alcohol level is less than 0.05 percent; or
(c) Until 8 hours have elapsed from the time he was arrested.
§ 316.193(9). The taking of the test is clearly optional with the person in custody. There is no compulsion in the law to submit to further testing. But the test is offered to the arrestee with the assurance that it may lead to the release from custody. The law does not require any warning of any adverse consequences of the test, and none are given. Id. The police officers only advised these respondents that a breath test could allow their early release from custody. Thus, as the circuit court noted, a defendant could view the test as a “safe harbor.” While in Neville the giving of “warnings” did not create an implicit assurance of other adverse consequences, i.e., the admission in evidence of the refusal to take the test, here the only “consequence” offered was release from custody. To then use the results of the test adversely to the defendants would be the type of deception or trick which would cross constitutional due process boundaries. We cannot say that the circuit court failed to apply the correct law when it made this due process analysis.
However, we also discern another reason to uphold the circuit court’s opinion which was not articulated. We consider this issue to be one of statutory interpretation.
Section 316.1934(2), Florida Statutes (1993), provides:
Upon the trial of any civil or criminal action_the results of any test administered in accordance with s. 316.1932 or s. 316.1933 and this section shall be admissible into evidence when otherwise admissible. ...
(emphasis added). Notably, this section does not refer to the admission of the results of a test administered under section 316.193(9)(b). As the county court noted in its decision in the Rubio appeal, when a statute includes a list of things that fall within its operation, it is construed as excluding all things that are not expressly mentioned. Expressio unius est exclusio alterius. PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla.1988); Thayer v. State, 335 So.2d 815, 817 (Fla.1976). Here, the Legislature failed to include prere-lease breath tests as being admissible in evidence.[1] Therefore, under statutory construction principles, the pre-release test is not admissible in evidence against the person taking it.
Petition for certiorari is denied.
POLEN, J., concurs.
STEVENSON, J., concurs specially with opinion.

. Section 316.193(9) became law in 1991. Ch. 91-255, Laws of Fla. (1991). While section 316.1934 was enacted earlier, it was modified in the same law, and several other modifications to both statutes have occurred through the years. The Legislature has not seen fit to include section 316.193(9) in the admissible tests listed in section 316.1934(2).