WARNER, J.
Appellants, Terence and Edwina Evans, sued appellees, Wesley and Karena Hamilton, for injuries suffered in an automobile accident. After trial, the jury returned a verdict for the Hamiltons, finding no negligence. During the trial and over the Ev-anses’ objection, the Hamiltons cross-examined Mr. Evans as to his refusal to submit to a blood-alcohol test. He contends that this violated the accident report privilege provided in section 316.066, Florida Statutes (2000). We hold that the privilege does not apply to a refusal to submit to a blood-alcohol test.
Section 316.066(4) provides that statements made by a person involved in an accident in order to complete a crash report as required by the statute, as well as the actual crash report, are not admissible as evidence in any civil or criminal trial. In Brackin v. Boles, 452 So.2d 540, 544 (Fla.1984), the court held that this statute provides immunity only to “such statements and communications as the driver, owner, or occupant of a vehicle is compelled to make in order to comply with his or her statutory duty under section 316.066(1) and (2) [to report an accident]” so as to avoid a Fifth Amendment violation. (Emphasis added). The test to be *951 applied in determining whether the accident report privilege is applicable is whether the privilege against self-incrimination was violated by requiring the person involved in the accident to answer the questions posed. See State v. Norstrom, 613 So.2d 437, 440 (Fla.1993).
The United States Supreme Court has held that “a refusal to take a blood-alcohol test, after a police officer has lawfully requested it, is not an act coerced by the officer, and thus is not protected by the privilege against self-incrimination.” South Dakota v. Neville, 459 U.S. 553, 564, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). It determined that the state does not compel a defendant to refuse to submit to a blood-alcohol test by giving the defendant the choice to submit to the test or not. Id. Such refusal may be admitted into evidence without violating the Fifth Amendment. Id.; see also State v. Sowers, 442 So.2d 239, 240 (Fla. 5th DCA 1983).
Because a refusal to take a blood-alcohol test is not compelled, and admission of such refusal does not violate the Fifth Amendment, the trial court did not err in finding that section 316.066 does not prevent the admission into evidence of Mr. Evans’s refusal to submit to a blood-alcohol test.
Affirmed.
SHAHOOD, J., and GATES, MICHAEL L., Associate Judge, concur.